IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, et al.

Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LISA JACKSON, Administrator, United States Environmental Protection Agency

Defendants.

Civil Action No. 10-985

**PARTIAL MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and for the reasons stated in the accompanying memorandum, defendants United States Environmental Protection Agency and Lisa Jackson, Administrator (collectively "EPA") hereby move to dismiss the second, third, and fourth counts of plaintiffs Center for Biological Diversity, et al.'s (collectively "plaintiffs'") complaint.[1] In these three counts, plaintiffs assert that EPA has unreasonably delayed in making certain discretionary determinations under Sections 213 and 231 of the Clean Air Act ("Act"), 42 U.S.C. §§ 7547, 7571. See Complaint ¶¶ 73-74, 76-77, 79-80. Plaintiffs failed to provide the statutorily required notice of these claims before filing suit, and have not identified any

[1] EPA does not seek dismissal of the first count of plaintiffs' complaint, in which plaintiffs allege that EPA has unreasonably delayed in acting on various rulemaking petitions. See Complaint ¶ 71.

enforceable requirement that EPA take action by making the determinations that plaintiffs seek. The second, third, and fourth counts of plaintiffs' complaint must therefore be dismissed for lack of jurisdiction and for failure to state a claim for which relief may be granted.

August 20, 2010

Respectfully submitted,

Ignacia S. Moreno
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

*/s/ Angeline Purdy*

By: ______________________________
Angeline Purdy
Environmental Defense Section
D.C. Bar No. 489236
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Voice: (202) 514-0996
Fax: (202) 514-8865
e-mail: angeline.purdy@usdoj.gov

Overnight delivery:
Patrick Henry Building, Suite 8000
601 D Street, N.W.
Washington, D.C. 20004

Of Counsel:

Michael Horowitz
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, et al.

Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LISA JACKSON, Administrator, United States Environmental Protection Agency

Defendants.

Civil Action No. 10-985

**MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), defendants United States Environmental Protection Agency and Lisa Jackson, Administrator (collectively "EPA") move to dismiss the second, third, and fourth counts of plaintiffs Center for Biological Diversity, et al.'s (collectively "plaintiffs'") complaint.[2/] In these three counts, plaintiffs assert that EPA has unreasonably delayed in making certain discretionary determinations under Sections 213 and 231 of the Clean Air Act ("Act"), 42 U.S.C. §§ 7547, 7571. See Complaint ¶¶ 73-74, 76-77, 79-80. Plaintiffs failed to provide the statutorily required notice of these claims before filing suit. See infra at 6-9. In addition, the statutory subsections that plaintiffs rely on do not create any enforceable

[2/] EPA does not seek dismissal of the first count of plaintiffs' complaint, in which plaintiffs allege that EPA has unreasonably delayed in acting on various rulemaking petitions. See Complaint ¶ 71.

requirement that EPA take action by making the determinations that plaintiffs seek. See infra at 9-13. The second, third, and fourth counts of plaintiffs' complaint must therefore be dismissed for lack of jurisdiction and for failure to state a claim for which relief may be granted.

## I. BACKGROUND

### A. Factual Background

Plaintiffs filed rulemaking petitions with EPA on October 3, 2007; December 5, 2007; and January 29, 2008. Complaint ¶¶ 48-50, 68. EPA has not yet acted on those petitions. Complaint ¶ 69. On July 31, 2008, plaintiffs notified EPA of their intent to file suit based on EPA's alleged unreasonable delay in responding to their rulemaking petitions. See Complaint ¶¶ 5, 53; Letter of July 31, 2008 from Earthjustice to EPA ("Earthjustice Letter") (Ex. A) at 2, 5-6; Letter of July 31, 2008 from Western Environmental Law Center to EPA ("WELC Letter") (Ex. B) at 2, 5. Plaintiffs filed suit on June 11, 2010. See Dkt No. 1. The complaint alleges unreasonable delay in responding to plaintiffs' rulemaking petitions, as set out in plaintiffs' July 31 letters. Complaint ¶ 71. In addition, however, the complaint alleges unreasonable delay in making certain findings under Sections 213 and 231 of the Act, 42 U.S.C. §§ 7547, 7571. Complaint ¶¶ 72-80.

### B. Statutory Background

Plaintiffs invoke Section 304(a) of the Act as the jurisdictional basis for their claims. Complaint ¶ 4. That section authorizes citizen suits against EPA under limited circumstances:

> Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf –
>
> . . .
>
> (2) against the Administrator [of EPA] where there is alleged a

> failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator. . . .
>
> . . . . The district courts of the United States shall have jurisdiction to compel (consistent with paragraph (2) of this subsection) agency action unreasonably delayed . . . . In any such action for unreasonable delay, notice . . . shall be provided 180 days before commencing such action.

42 U.S.C. § 7604(a). The subject of a proposed citizen suit must be described with "reasonable specificity" in the statutorily required notice. 40 C.F.R. § 54.3(a).

In counts two, three, and four of their complaint, plaintiffs allege that EPA has unreasonably delayed in making determinations under two substantive provisions of the Act. See Complaint ¶¶ 39-46, 73-74, 76-77, 79-80. Section 213(a), 42 U.S.C. § 7547(a), addresses the regulation of emissions from nonroad engines and vehicles. In brief, subsections (a) (1) through (a) (3) of this section require EPA to (1) conduct a study of emissions from nonroad engines and vehicles to determine if those emissions "cause, or significantly contribute to, air pollution which may reasonably be anticipated to endanger public health or welfare;" (2) after completion of this study, determine whether emissions from nonroad engines and vehicles of specific pollutants (i.e., carbon monoxide, oxides of nitrogen, and volatile organic compounds) significantly contribute to concentrations of ozone or carbon monoxide in nonattainment areas;[3/] and (3) if so, promulgate regulations setting standards applicable to emissions from categories of new nonroad engines and vehicles that contribute to such air pollution. See 42 U.S.C. § 7547(a)(1)-(3).

---

[3/] EPA is charged with formulating national Ambient Air Quality Standards ("NAAQS") for certain air pollutants. 42 U.S.C. §§ 7408-7409. An area is to be designated as "nonattainment" if it does not meet the NAAQS for a particular pollutant, or if it contributes to ambient air quality in a nearby area that does not meet the NAAQS. 42 U.S.C. § 7407(d)(1)(A)(i).

Subsection (a)(4) provides EPA with additional authority to regulate:

> If the Administrator determines that any emissions not referred to in paragraph (2) from new nonroad engines or vehicles significantly contribute to air pollution which may reasonably be anticipated to endanger public health or welfare, the Administrator may promulgate (and from time to time revise) such regulations as the Administrator deems appropriate. . . .

42 U.S.C. § 7547(a)(4). Plaintiffs base counts two and three of their complaint on this final subsection. See Complaint ¶¶ 73-74 (alleging EPA has unreasonably delayed in making determination under Section 213(a)(4) with regard to certain emissions from marine vessels); Complaint ¶¶ 76-77 (alleging EPA has unreasonably delayed in making determination under Section 213(a)(4) with regard to certain emissions from other nonroad vehicles and engines).

Plaintiffs also invoke Section 231(a)(2)(A) of the Act, 42 U.S.C. § 7571(a)(2)(A). See Complaint ¶¶ 79-80. That section provides that:

> The Administrator shall, from time to time, issue proposed emissions standards applicable to the emission of any air pollutant from any class or classes of aircraft engines which in [her] judgment causes, or contributes to, air pollution which may reasonably be anticipated to endanger public health or welfare.

42 U.S.C. § 7571(a)(2)(A). Plaintiffs allege that EPA has unreasonably delayed in determining whether emissions of greenhouse gases from aircraft engines cause or contribute to air pollution which may reasonably be anticipated to endanger public health or welfare. Complaint ¶ 80.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and may hear cases only to the extent expressly provided by statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The first and most fundamental question presented by every case brought to a federal court is thus whether the court has jurisdiction to hear it. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (jurisdiction must "be established as a threshold matter"). On a

motion to dismiss under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of demonstrating subject matter jurisdiction. See Erby v. United States, 424 F. Supp. 2d 180, 182 (D.D.C. 2006). On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), by contrast, the moving party has the burden of demonstrating that a plaintiff has failed to state a claim for which relief may be granted. Kimberlin v. United States Dep't of Justice, 150 F. Supp. 2d 36, 41 (D.D.C. 2001), aff'd, 318 F.3d 228 (D.C. Cir. 2003). In either case, the Court must accept the factual allegations of the complaint as true, and must give plaintiffs the benefit of all inferences to be drawn from those allegations. See, e.g., Best v. United States, 522 F. Supp. 2d 252, 254-55 (D.D.C. 2007); Kimberlin, 150 F. Supp. 25 at 41. The Court need not, however, accept plaintiffs' legal conclusions as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); see also Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## III. ARGUMENT

Because plaintiffs are suing a federal agency, they must identify an applicable waiver of sovereign immunity in order to establish that the Court has jurisdiction over their complaint. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit;" sovereign immunity is "jurisdictional in nature"); see also Erby, 424 F. Supp. 2d at 183 (plaintiff has burden "of proving that the government has unequivocally waived its [sovereign] immunity."). In addition, plaintiffs must identify a federal cause of action. See FDIC, 510 U.S. at 483-84 (recognizing need for both sovereign immunity waiver and cause of action); Floyd v. District of Columbia, 129 F.3d 152, 155-56 (D.C. Cir. 1997).

Plaintiffs appear to rely solely on Section 304(a) of the Act to satisfy both of these

requirements.[4] See Complaint ¶ 4. Like any waiver of sovereign immunity, Section 304(a) must be strictly construed. See United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992). Plaintiffs thus cannot create jurisdiction or state a claim merely by alleging that EPA has unreasonably delayed in taking action that plaintiffs view as desirable. For plaintiffs to demonstrate that their unreasonable delay claims fall within the ambit of Section 304(a), they must establish that they gave the statutorily required notice of their claims, and they must identify an "agency action that [EPA] is *required to take*." Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 63, 64 n.1 (2004). Plaintiffs have not met these burdens with regard to counts two, three, and four of their complaint; thus, those counts must be dismissed.

### A. Plaintiffs Have Not Given Adequate Notice of Any Claim Other than a Claim for EPA's Alleged Unreasonable Delay in Acting on Their Rulemaking Petitions.

Any party bringing a claim under the Act based on EPA's alleged unreasonable delay in taking a required action must notify EPA at least 180 days prior to filing suit. 42 U.S.C. § 7604(a); supra at 3. The Supreme Court has held that such notice requirements are a "mandatory, not optional, condition precedent for suit;" thus, "a plaintiff may not file suit before fulfilling the . . . notice requirement." Hallstrom v. Tillamook County, 493 U.S. 20, 26 (1989); see also id. at 31 (notice requirement is mandatory condition precedent that district court "may not disregard . . . at its discretion"); Conservation Force v. Salazar, 2010 WL 2244122 (D.D.C. June 7, 2010), at *3 (notice requirement in citizen suit provision is mandatory and

[4] Plaintiffs also cite the federal question statute, 28 U.S.C. § 1331. Complaint ¶ 4. It is well established that this statute neither waives the United States' sovereign immunity nor creates a cause of action against the United States. See Sykes v. Dudas, 573 F. Supp. 2d 191, 200 (D.D.C. 2008).

jurisdictional).[5] Providing adequate pre-suit notice serves an important purpose, in that it creates a "nonadversarial" period in which the government has the opportunity to take action to obviate the need for litigation. See Hallstrom, 493 U.S. at 32; see also id. at 29; Center for Biological Diversity v. Marina Point Dev. Co., 566 F.3d 794, 800 (9th Cir. 2009) ("[T]he notice is not just an annoying piece of paper intended as a stumbling block for people who want to sue; it is purposive in nature and the purpose is to accomplish corrections where needed without the necessity of a citizen action."). If a plaintiff fails to meet statutory notice requirements, a court "must dismiss the action as barred by the terms of the statute." Hallstrom, 493 U.S. at 33; Center for Biological Diversity, 566 F.3d at 800 (proper notice "is not simply a desideratum; it is a jurisdictional necessity.").

Plaintiffs have not provided notice of any claim other than a claim based on EPA's alleged unreasonable delay in acting on their rulemaking petitions. On July 31, 2008, the Western Environmental Law Center notified EPA of certain plaintiffs' intent "to initiate legal action for EPA's unreasonable delay in responding to [plaintiffs' January 29, 2008 rulemaking] petition." WELC Letter (Ex. B) at 2; see also id. at 5 ("Petitioners hereby provide notice that we intend to file suit challenging EPA's unreasonable delay in responding to our petition 180 days

[5] In Hallstrom, the Court construed the notice requirements of the Resource Conservation and Recovery Act (RCRA). Hallstrom, 493 U.S. at 22-23. Hallstrom's reasoning applies, however, to similar notice provisions under other environmental statutes, including the Act. See id. at 23 n.1 (identifying similar notice provisions under other environmental statutes), 25 n. 2 (citing precedent under both RCRA and Clean Air Act); see also Glazer v. Am. Ecology Envtl Servs. Corp., 894 F. Supp. 1029, 1041 (E.D. Tex. 1995) (Hallstrom's analysis "is equally applicable to the court's analysis of plaintiffs' notice of their [Clean Air Act] claims.").

from the date of this letter.").[6] On the same day, Earthjustice notified EPA of various plaintiffs' intent "to file suit for an unreasonable delay in responding to both [rulemaking petitions] should EPA not grant or deny our request within 180 days of this notice." Earthjustice Letter (Ex. A) at 2; see also id. at 5-6 ("In sum, EPA has not responded to our petitions for rulemaking . . . . Based on this unreasonable and unjustifiable delay, Petitioners intend to file suit against EPA 180 days from the date of this notice.").

Given the clarity of the language in both letters, it is unsurprising that plaintiffs do not even allege that they provided notice of any claim other than a claim for unreasonable delay in acting on their rulemaking petitions. See Complaint ¶ 5. ("On July 31, 2008, Plaintiffs notified the Administrator by certified mail of Plaintiffs' intent to file suit for unreasonable delay in responding to the petitions."). These notices cannot be stretched to cover plaintiffs' additional claims for unreasonable delay in failing to make certain determinations. A notice is not sufficient if it merely alerts an agency to the type of alleged violation at issue. See National Parks & Conservation Ass'n v. Tenn. Valley Auth., 502 F.3d 1316, 1330 (11th Cir. 2007). "The recipient of the notice must understand from the notice what the citizen *is alleging* – not what the citizen could allege if the citizen knew more or cared about other possible transgressions." Id. (citation omitted, emphasis in original); see also Conservation Force, 2010 WL 2244122 at *3-*4 (notice of intent to sue for failure to issue one finding did not provide proper notice of intent

[6] The Court may rely on these letters in resolving the United States' motion to dismiss. See Conservation Force, 2010 WL 2244122 at *2 (court may consider material other than allegations of complaint in determining whether it has jurisdiction, as long as it still accepts factual allegations of complaint as true); Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document . . . may be considered without converting [a 12(b)(6)] motion to one for summary judgment.").

to sue for failure to issue subsequent finding under same statute).

The second, third, and fourth counts of plaintiffs' complaint must be dismissed for this reason alone. The Court thus need not even reach the question of whether, with respect to those counts, plaintiffs have identified any required action EPA has allegedly unreasonably delayed in performing. As discussed in the next sections, however, plaintiffs' second through fourth counts fail in this respect as well.

**B. Counts Two and Three of Plaintiffs' Complaint Fail to Identify Any Duty under Section 213(a) That Could Give Rise to a Citizen Suit under Section 304(a).**

"[J]urisdiction over citizen suits does not encompass every grievance a citizen might have with [EPA's] actions." Rushing v. Leavitt, 2005 WL 555415, at *3 (D.D.C. Mar. 7, 2005); see also Natural Res. Def. Council v. Thomas, 885 F.2d 1067, 1073 (2d Cir. 1989) (recognizing Congressional intent to limit number of citizen suits that can be brought against EPA) (citation omitted). In order to bring a suit "to compel . . . agency action unreasonably delayed," 42 U.S.C. § 7604(a), plaintiffs must first identify a requirement that EPA take action. See Norton, 542 U.S. 55, 63, 64 n.1 (2004) (APA claim for unreasonable delay may proceed only where plaintiff alleges that agency failed to take discrete action it is required to take); In re American Rivers and Idaho Rivers United, 372 F.3d 413, 418 (D.C. Cir. 2004) (in considering charge of unreasonable delay, court must satisfy itself that agency has duty to act); San Fransisco Baykeeper v. Whitman, 297 F.3d 877, 885 (9th Cir. 2002) ("[F]or a claim of unreasonable delay to survive, the agency must have a statutory duty in the first place.").[7]

---

[7] The clause in Section 304(a) that authorizes unreasonable delay claims was added as part of the 1990 amendments to the Act, which amended the citizen suit provision to "encompass the full range of inaction covered by the Administrative Procedure Act." S. Rep. No. 101-228, at 374 (1989), reprinted in 1990 U.S.C.C.A.N 3385, 3757. Authority concerning the reach of the APA

The second and third counts of plaintiffs' complaint fail to identify such a duty. Those counts both allege that EPA has unreasonably delayed in making certain determinations under Section 213(a)(4) of the Act. Complaint ¶¶ 73-74, 76-77. That section states, in pertinent part:

> *If* the Administrator determines that any emissions not referred to in [a prior paragraph] from new nonroad engines or vehicles significantly contribute to air pollution which may reasonably be anticipated to endanger public health or welfare, the Administrator *may* promulgate (and from time to time revise) such regulations as the Administrator deems appropriate . . . .

42 U.S.C. § 7547(a)(4) (emphasis added).

On its face, this subsection vests the Administrator with discretion to make or not make the determination plaintiffs seek to compel. The statute authorizes regulation, but does not command it – EPA has full discretion both as to whether to make a determination regarding emissions from nonroad engines and as to whether to promulgate regulations following any such determination. As is evident from the preceding three subsections of Section 213(a), Congress knew how to require action when it wished to do so. See 42 U.S.C. § 7547(a)(1) (EPA "shall" conduct a study); 42 U.S.C. § 7547(a)(2) (EPA "shall" make certain determinations); 42 U.S.C. § 7547(a)(3) (if EPA makes an affirmative determination under subsection (2), EPA "shall" promulgate regulations); Alabama v. Bozeman, 533 U.S. 146, 153 (2001) ("The word 'shall' is ordinarily the language of command.") (citation omitted).

In subsection (a)(4), Congress did not use "language of command," opting instead to craft a catchall provision stating that *if* EPA makes a determination regarding emissions from nonroad engines not already addressed in subsections (1) through (3), EPA *may* choose to regulate those

---

provision authorizing a court to "compel agency action . . . unreasonably delayed," 5 U.S.C. § 706(1), is thus pertinent to determining the reach of Section 304(a)'s "unreasonable delay" clause.

emissions. The first clause of Section 213(a)(4) is conditional, and the second is prefaced with a term ("may") widely recognized as permissive and discretionary. See, e.g., International Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Dole, 919 F.2d 753, 756 (D.C. Cir. 1990). Congress' choice to use different language in subsection (4) than in subsections (1) through (3) was presumably deliberate, and must be respected. See id. ("Considering the frequency with which it uses the two words, Congress can be expected to distinguish between 'may' and 'shall'.").

Even assuming that plaintiffs had identified some general obligation to act by making a determination under Section 213(a)(4) – which they have not – plaintiffs would have failed to establish any obligation to make the specific determinations they seek. See Complaint ¶ 74 (alleging that failure to make determination regarding emissions of greenhouse gases and black carbon from marine vessels constitutes unreasonable delay); Complaint ¶ 77 (alleging that failure to make determination regarding emissions of greenhouse gases and black carbon from other nonroad vehicles and engines constitutes unreasonable delay). Plaintiffs have already petitioned EPA to make these determinations. See Complaint ¶¶ 2, 48-50, 71; see also supra note 1. If EPA denies those petitions in whole or in part, plaintiffs will be free to seek judicial review of that action in the Court of Appeals. See 42 U.S.C. § 7607(b) (petitions for review of final actions taken by Administrator may be filed only in United States Court of Appeals). Plaintiffs have not, however, demonstrated that this Court has jurisdiction to circumvent this process by ordering EPA to make any particular determinations.

In sum, plaintiffs have not identified any obligation to act under Section 213(a)(4) that could give rise to a citizen suit. Counts two and three of their complaint must therefore be dismissed.

**C. Count Four of Plaintiffs' Complaint Fails to Identify Any Duty under Section 231(a) That Could Give Rise to a Citizen Suit under Section 304(a).**

The fourth count of plaintiffs' complaint alleges that EPA has unreasonably delayed in making a determination under Section 231(a)(2)(A) of the Act, 42 U.S.C. § 7571(a)(2)(A). Complaint ¶¶ 79-80. Unlike Section 213(a)(4), this provision does include some mandatory language. That language, however, pertains to actions *other than* making the determination that plaintiffs seek. Section 231(a)(2)(A) states that EPA "shall, from time to time," propose emission standards for emissions of air pollutants from aircraft engines "which *in [EPA's] judgment* cause[], or contribute[], to air pollution which may reasonably be anticipated to endanger public health or welfare." 42 U.S.C. § 7571(a)(2)(A) (emphasis added). This language does not, however, aid plaintiffs, because they do not allege that EPA has already exercised its judgment under this statute and made a finding regarding relevant emissions from aircraft engines. To the contrary, the fourth count of their complaint is based on EPA's alleged "*failure* to determine whether emissions of greenhouse gases from aircraft engines cause or contribute to air pollution . . . ." Complaint ¶ 80 (emphasis added). Plaintiffs thus cannot be claiming that EPA is presently required to propose emissions standards under Section 231(a)(2)(A).

Nor can plaintiffs bring a claim under Section 304(a) based on EPA's alleged failure to make a determination regarding greenhouse gas emissions from aircraft engines. Regardless of what EPA's duties may be *after it has made such a determination*, there is nothing in the statute that requires EPA to act by making a determination in the first instance. Nor, for the reasons discussed above, have plaintiffs demonstrated that the Court has jurisdiction to circumvent the administrative and judicial review process governing plaintiffs' rulemaking petitions seeking a determination under Section 231(a)(2)(A). The fourth count of plaintiffs' complaint must

therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the second, third, and fourth counts of plaintiffs' complaint must be dismissed.

August 20, 2010

Respectfully submitted,

Ignacia S. Moreno
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

*/s/ Angeline Purdy*

By: ____________________________
Angeline Purdy
Environmental Defense Section
D.C. Bar No. 489236
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Voice: (202) 514-0996
Fax: (202) 514-8865
e-mail: angeline.purdy@usdoj.gov

Overnight delivery:
Patrick Henry Building, Suite 8000
601 D Street, N.W.
Washington, D.C. 20004

Of Counsel:

Michael Horowitz
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20004