**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

_____

**CENTER FOR BIOLOGICAL DIVERSITY, CENTER**
**FOR FOOD SAFETY, FRIENDS OF THE EARTH,**
**INTERNATIONAL CENTER FOR TECHNOLOGY**
**ASSESSMENT, and OCEANA,**

|                          |                        |
|--------------------------|------------------------|
| **Plaintiffs,**          |                        |
| v.                       | **1:10-CV-985**        |
|                          | **(FJS)**              |
| **U.S. ENVIRONMENTAL PROTECTION AGENCY and** | |
| **LISA JACKSON,**        |                        |
| **Defendants.**          |                        |

_____

| APPEARANCES | OF COUNSEL |
|-------------|------------|
| **WESTERN ENVIRONMENTAL LAW CENTER** | **DANIEL GALPERN, ESQ.** |
| 1216 Lincoln Street | |
| Eugene, Oregon 97401 | |
| Attorneys for Plaintiffs | |
| | |
| **EARTHJUSTICE** | **J. MARTIN WAGNER, ESQ.** |
| 426 17th Street, 6th Floor | **SARAH HELEN BURT, ESQ.** |
| Oakland, California 94612 | |
| Attorneys for Plaintiffs | |
| | |
| **U.S. DEPARTMENT OF JUSTICE** | **ANGELINE PURDY, ESQ.** |
| Environmental Defense Section | |
| 601 D Street, NW | |
| Suite 8000 | |
| Washington, D.C. 20004 | |
| Attorneys for Defendants | |

**SCULLIN, Senior Judge**

### ORDER

Plaintiffs Center for Biological Diversity, Center for Food Safety, Friends of the Earth,

International Center for Technology Assessment, and Oceana (collectively, "Plaintiffs") seek to compel Defendants U.S. Environmental Protection Agency and its Administrator, Lisa Jackson (together, "Defendant EPA"), to respond to three rulemaking petitions regarding the regulation of emissions from marine vessels, aircraft, and other non-road engines and vehicles under the Clean Air Act, 42 U.S.C. § 7401 *et seq.* ("CAA"). *See generally* Dkt. No. 1, Complaint. Between October 2007, and January 2008, Plaintiffs submitted three petitions to Defendant EPA, asking it to use its authority to regulate greenhouse gas emissions from marine vessels, aircraft, and other non-road vehicles. *See id.* at ¶¶ 48-50.

Plaintiffs' complaint sets forth the following four claims against Defendant EPA: (1) for violations of the CAA for unreasonably delaying in responding to Plaintiffs' three rulemaking petitions under 42 U.S.C. § 7604(a); (2) for violations of section 213(a) of the CAA, 42 U.S.C. § 7547(a)(4), for failure to determine whether emissions of greenhouse gases and black carbon from marine vessels and engines cause or contribute to dangerous air pollution; (3) for violations of section 213(a) of the CAA, 42 U.S.C. § 7547(a)(4), for failure to determine whether emissions of greenhouse gases and black carbon from non-road vehicles and engines cause or contribute to dangerous air pollution; and (4) for violations of section 231(a)(2)(A) of the CAA, 42 U.S.C. § 7571(a)(2)(A), for failure to determine whether emissions of greenhouse gases and black carbon from aircraft engines cause or contribute to dangerous air pollution. *See generally* Complaint.

On August 20, 2010, Defendant EPA filed a motion to dismiss counts two, three, and four of Plaintiffs' complaint. *See* Dkt. No. 9. In a Memorandum Opinion and Order dated July 5, 2011, the Court (Kennedy, J.) granted that motion as to claims two and three but denied it as to

claim four.  *See* Dkt. No. 25.  Currently before the Court are the parties' cross-motions for

summary judgment with regard to Plaintiffs' remaining claims.  The Court heard oral argument

regarding these motions on March 14, 2012.

Having carefully reviewed the entire record in this matter, the parties' submissions and

oral arguments, as well as the applicable law, and for the reasons stated at oral argument, the

Court hereby

**ORDERS** that the parties' cross-motions for summary judgment are **DENIED** as moot

with regard to Plaintiffs' first claim because Defendant EPA has agreed in both its motion papers

and during oral argument that it will respond to Plaintiffs' three outstanding rulemaking petitions

within **ninety** days of the date of this Order; and Defendant EPA is hereby **ORDERED** to do the

same; and the Court further

**ORDERS** that Defendant EPA's motion for summary judgment is **GRANTED** and

Plaintiffs' motion for summary judgment is **DENIED** with regard to Plaintiffs' fourth claim

because Plaintiffs have not shown that Defendant EPA has unreasonably delayed in determining

whether aircraft engine emissions cause or contribute to air pollution which may reasonably be

anticipated to endanger public health or welfare;[1] and the Court further

---

[1] The Court reminds Defendant EPA that the degree to which it is entitled deference and
discretion is neither unlimited nor unchecked; and, although the Court finds that Defendant EPA
has not yet unreasonably delayed in making an endangerment determination under section 231 of
the CAA regarding emissions from aircraft engines, such a finding does not entitle Defendant
EPA to delay unduly in taking the appropriate agency action.

**ORDERS** that Plaintiffs' counsel shall initiate a telephone conference, using a professional telephone conferencing service, with the Court and opposing counsel on **Tuesday, June 26, 2012**, at **9:30 a.m.**

**IT IS SO ORDERED.**

Dated: March 20, 2012
       Syracuse, New York


_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge