**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
_____

**CENTER FOR BIOLOGICAL DIVERSITY;**
**CENTER FOR FOOD SAFETY; FRIENDS**
**OF THE EARTH; INTERNATIONAL**
**CENTER FOR TECHNOLOGY**
**ASSESSMENT; and OCEANA,**

                **Plaintiffs,**

       v.                                                                               1:10-CV-985
                                                                                      (FJS)

**UNITED STATES ENVIRONMENTAL**
**PROTECTION AGENCY and LISA**
**JACKSON, Administrator**

                **Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **LAW OFFICES OF CHARLES M. TEBBUTT, P.C.**<br>451 Blair Boulevard<br>Eugene, Oregon 97402<br>Attorneys for Plaintiffs | **DANIEL GALPERN, ESQ.** |
| **EARTHJUSTICE**<br>50 California Street, Suite 500<br>San Francisco, California 94111<br>Attorneys for Plaintiffs | **J. MARTIN WAGNER, ESQ.**<br>**SARAH H. BURT, ESQ.** |
| **UNITED STATES DEPARTMENT OF JUSTICE**<br>Environmental Defense Section<br>601 D Street, NW, Suite 8000<br>Washington, D.C. 20004<br>Attorneys for Defendants | **ANGELINE PURDY, ESQ.** |

**SCULLIN, Senior Judge**

**ORDER**

Currently before the Court is Plaintiffs' motion for reconsideration of that part of this Court's March 20, 2012 Order, in which the Court granted Defendant Environmental Protection Agency ("EPA") and Defendant Lisa Jackson's (collectively "Defendant EPA") motion for summary judgment and denied Plaintiffs' motion for summary judgment with regard to Plaintiffs' fourth claim.[1] Plaintiffs request that the Court reconsider this Order and issue an Order denying Defendant EPA's motion for summary judgment, granting Plaintiffs' motion for summary judgment with regard to their fourth claim and ordering Defendant EPA to promulgate an endangerment determination for aircraft engines within ninety days after entry of the Court's judgment. *See* Dkt. No. 46 at 1-2. Defendant EPA opposes this motion. *See* Dkt. No. 47. The Court heard oral argument in support of, and in opposition to, this motion, on November 1, 2012, at the conclusion of which the Court advised the parties that a written decision would be forthcoming.[2]

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "the district court may revise its own interlocutory orders 'at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Davis v. Joseph J. Magnolia, Inc.*, No. 08-290,

---

[1] In that Order, the Court also denied as moot the parties' cross-motions for summary judgment with regard to Plaintiffs' first claim. The Court did so because Defendant EPA had agreed in both its motion papers and during oral argument that it would respond to Plaintiffs' three outstanding rulemaking petitions within ninety days of the Order, and the Court ordered Defendant EPA to do so.

[2] Although Plaintiffs brought their motion pursuant to Rule 59(e) or, in the alternative, Rule 60(b) of the Federal Rules of Civil Procedure, because the Court has not yet entered a final judgment in this case, the Court will review Plaintiffs' motion for reconsideration of its March 20, 2012 Order using the standard set forth in Rule 54(b) of the Federal Rules of Civil Procedure.

2012 WL 4466488, *2 (D.D.C. Sept. 28, 2012) (quoting Fed. R. Civ. P. 54(b)).  Furthermore, the Court of Appeals for the District of Columbia has held that relief under Rule 54(b) is available "'as justice requires.'"  *Id.* (quoting *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.[3]d 217, 227 (D.C. Cir. 2011)).  Nonetheless, whether to grant a motion for reconsideration is within the court's discretion, and the court should not grant such a motion unless the moving party "presents either newly discovered evidence or errors of law or fact that need correction."  *Id.* (citing *Nat'l Trust for Hist. Pres. v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1993)).  Finally, a movant cannot use a motion for reconsideration as "'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.'"  *Id.* (quoting *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)); (citing *Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)).

    Neither Defendant EPA's proposed Power Plants Rule, 77 Fed. Reg. 22392, or the Court of Appeal's decision in *Coalition for Responsible Regulation, Inc. v. EPA*, 684 F.3d 102 (D.C. Cir. 2012), on which Plaintiffs rely to support their motion for reconsideration, constitute newly discovered evidence nor demonstrate that the Court's earlier decision was based on an error of law or fact.  First, as Defendant EPA pointed out at oral argument, not only is the Power Plants Rule a "proposed" rule, on which Defendant EPA is seeking public comment, but this proposed Rule also concerns a different section of the Clean Air Act, 42 U.S.C. § 7411, than the section at issue in this case, 42 U.S.C. § 7571.[3]  In addition, although the court in *Coalition for Responsible*

---

[3] This distinction is significant because, although § 7571 *requires* a determination that any air pollutant emissions be regulated "from any class or classes of aircraft engines which . . .
(continued...)

*Regulation* held that "the Endangerment Finding is consistent with *Massachusetts v. EPA* and the text and structure of the [Clean Air Act], and is adequately supported by the administrative record," that decision does not constitute "new evidence" that could support Plaintiffs' position.

Moreover, even if the Court were to consider these facts, they would have no bearing on the remaining issue in this case: whether Defendant EPA has unduly delayed in promulgating an endangerment determination for aircraft engines.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter **JUDGMENT** in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: November 1, 2012
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

³(...continued)
cause[] or contribute[] to, air pollution which may reasonably be anticipated to endanger public health or welfare[,]" 42 U.S.C. § 7571(a)(2)(A), § 7411 does not explicitly require an endangerment finding as a prerequisite to regulation.